Nancy Steffen Rahmeyer, J.
I respectfully dissent from the majority opinion that there is not sufficient evidence to support the jury’s finding that Defendant used forcible compulsion in sodomizing L.S. I do so by giving great deference to the trier of fact, who saw and heard from both the victim and Defendant. Although this may be a close question, the issue raised was whether Defendant used “forcible compulsion,” which is described as “[pjhysical force that overcomes reasonable resistance.” Section 556.061(12), RSMo Cum.Supp. 2006. To determine whether the force used is sufficient to overcome reasonable resistance, we look not to any single fact but to the totality of the circumstances. It seems to me that the very facts that support forcible rape also support forcible sodomy: the ages of the victim and the accused; the fact that this was in Father’s home; the fact that this was the victim’s biological father, the person who had authority over and control of the victim; and the fact that the victim was using seven prescribed medications for bipolar disorder and had suicidal tendencies. In my view, these factors, combined with the jury’s assessment of the victim and Defendant, provide substantial evidence to support a conviction for statutory sodomy. I do not believe it was necessary that any additional physical force is necessary to support the sodomy charge; however, I believe it is a reasonable inference that Defendant did physically force his daughter to commit the sodomy. Her zipper may have been undone but that does not mean he did not physically force her to commit the sodomy. It is interesting to note that, in this case, Father was accused and convicted of abusing his stepdaughters as well. It is a reasonable inference from the evidence that the victim may have known what had happened to her sisters, was intimidated by that behavior, and further resistance would not have been reasonable.